**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO, | |
| Plaintiff | |
| v. | **Civil No. 25-1476 (GMM)** |
| M/V TATONKA 2, its engines, tackle, equipment, and furnishings, etc., in rem; FROILAN OLIVERAS-TEJEIRO, | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Plaintiff Banco Popular de Puerto Rico's ("BPPR") *Motion Requesting Judgment by Default In Personam and In Rem*. (Docket No. 31). For the following reasons, the default judgment is **GRANTED**.

### I.    BACKGROUND

On September 8, 2025, BPPR filed a *Verified Complaint* asserting that Defendant Froila Oliveras-Tejeiro took a mortgage of $584,894.85 from BPPR, for which he owes $550,228.53 plus interest, secured by the vessel – and in rem Defendant - M/V Tatonka 2.[1] (Docket No. 1 at 4, 7 ¶¶ 12, 25). The debt is due and payable. (Id. ¶ 13). However, as alleged by BPPR, Mr. Oliveras-Tejeiro has defaulted on the mortgage, by failing to render payment

---

[1] Hull Identification Number: BYM39105J122. (Docket No. 1 at 3 ¶ 8).

Civil No. 25-1476 (GMM)
Page -2-

in accordance with the executed promissory note. (Id. at 7 ¶ 24). BPPR seeks the seizure, condemnation, and sale of M/V Tatonka 2 to satisfy the outstanding principal, interests accrued, and fees, along with prejudgment interest, expenses, and attorney's fees and costs. (Id. at 8-9). BPPR further prays that any deficiency between the proceeds of the sale of M/V Tatonka 2 as to the amount owed be paid by Mr. Oliveras-Tejeiro in satisfaction of the debt allegedly owed. (Id.).

Service of process as to both Defendants was returned as executed on October 27, 2025. (Docket Nos. 13, 14). Notice of the arrest of M/V Tatonka 2 was published on February 6, 2026, in a newspaper of general circulation. (Docket No. 28).

Defendants appeared, by way of counsel, on November 17, 2025, to request an extension of time to answer the *Verified Complaint*. (Docket No. 15). An answer, however, was never filed; Defendants have not appeared again before this Court. Upon BPPR's request and as ordered by the Court, default was entered by the Clerk of the Court on April 15, 2026. (Docket Nos. 30, 32-33). BPPR now moves for default judgment. (Docket No. 31).

## II.  LEGAL STANDARD

Rule 55 of Federal Civil Procedure authorizes district courts to enter default judgment against parties that fail to plead or defend themselves in a litigation by awarding the relief sought by the moving adversary. Fed. R. Civ. P. 55(b).

Civil No. 25-1476 (GMM)
Page -3-

To grant default judgment, the district court must first consider whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendants. Gagnon v. Gagnon, 621 F. Supp. 3d 229, 231 (D.N.H. 2022); *see* Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989) (noting that default judgment may be vacated for lack of jurisdiction).

To dispose of an application for default judgment, the Court may or may not conduct a hearing; generally, it will do so when the circumstances suggest a need to establish the truth of the material allegations or to investigate any matter of concern to the Court, such as is often the case when attempting to achieve a reasonable measure of general damages. Fed. R. Civ. P. 55(b)(2). However, because a party in default effectively admits the truth of the moving party's allegations, the well-pleaded factual allegations of the complaint may suffice to establish the liability of the defaulted party. Indeed, "it is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process." In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); *see also* Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002).

### III. ANALYSIS

A.   Subject Matter Jurisdiction

BPPR seeks the enforcement of a preferred mortgage lien secured by a vessel. *See generally* (Docket No. 1). "The district

courts have original jurisdiction of a civil action brought," 46 U.S.C. § 31325(c), to "enforce the preferred mortgage lien in a civil action in rem for a documented vessel." Id. § 31325(b)(1). As such, this Court enjoys subject matter jurisdiction.

B.    Personal Jurisdiction

"Personal jurisdiction usually is obtained over a defendant by service of process." Farm Credit Bank of Balt. v. Ferrera-Goitia, 316 F.3d 62, 68 (1st Cir. 2003). Defendants may waive the defense of lack of personal jurisdiction by either failing to raise it or through actions indicating that they acquiesce to the Court's jurisdiction. Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 3 (1st Cir. 2014).

Here, BPPR served Defendants. No party has raised an objection to this Court's exercise of personal jurisdiction. Accordingly, the Court concludes it has personal jurisdiction over Defendants.

C.    Default Judgment

Upon review of the record, the Court finds that Defendants were properly served, (Docket Nos. 13-14, 27-28), and that they failed to answer the *Verified Complaint* or otherwise plead. Plaintiff does not submit that Defendants are minors or incompetent persons. *See* (Docket No. 1). BPPR, as alleged, has fulfilled all its obligations under the terms of the preferred mortgage. *See* (id.).

**Civil No. 25-1476 (GMM)**
**Page -5-**

Based on the unopposed allegations contained in the *Verified Complaint*, (Docket No. 1), which are deemed admitted, and the *Verified Statement of Account Under Penalty of Perjury*, (Docket No. 31-1), on or about December 22, 2024 Defendants defaulted on the mortgage of the vessel M/V Tatonka 2 – as evidenced by a *Promissory Note* executed on December 22, 2021. (Docket No. 1-5).

Defendants are indebted to BPPR in the principal amount of $550,228.53, plus interest at the rate of 5.99% annually, which accrues to $90.30 interest per day.[2] Considering that 565 days have elapsed between the date that Defendants defaulted in their mortgage payment obligations, December 22, 2024, and the issuance date of this *Opinion and Order*, July 10, 2026, a total of $51,019.50 in interest have accrued.[3] When combining the principal amount owed with the accrued interest, Defendants are indebted at the total amount of $601,248.03.

Defendants shall further disburse attorney fees and costs in the amount of 15% of the owed principal, for a total amount of $82,534.28; and late fees in the amount of 5.00% of the owed principal, for a total of $27,511.42.

---

[2]  The Court notes that a 5.99% interest annually on a principal of $550,228.53 amounts to $32,958.69, or $90.30 per day. While Plaintiff's briefing alleges the interest is $91.55 per day, (Docket No. 31), that figure is incorrectly premised on an assumption that a calendar year has 360 days, not 365 days.
[3] Absent extraordinary or peculiar circumstances that would otherwise generate inequity, district courts normally grant prejudgment interest in admiralty case as compensation for use of funds to which claimant was rightfully entitled. Clifford v. M/V Islander, 846 F.2d 111, 113 (1st Cir. 1988); *see also* First Bank & Tr. v. Knachel, 999 F.2d 107, 108 (5th Cir. 1993).

Civil No. 25-1476 (GMM)
Page -6-

Accordingly, default judgment shall be entered in favor of BPPR, against in personam Defendant Mr. Oliveras-Tejeiro and in rem Defendant M/V Tatonka 2, in the aggregate amount of $711,293.73.

## IV.   CONCLUSION

For the foregoing reasons, BPPR's *Motion Requesting Judgment by Default In Personam and In Rem* is **GRANTED**. Default judgment shall be entered accordingly.

BPPR's *Motion to Supplement Request of Judgment by Default In Personam and In Rem* (Docket No. 34) and *Motion to Reiterate and Supplement Petition for Default Judgment* (Docket No. 35) are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 10, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE